UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-61830-CIV-SEITZ

LISA RHEIN and
SAMMY RHEIN,

    Plaintiffs,

v.

ROCHELLE KEVELSON,
TIKVAH LYONS, and
JOYCE GENAUER,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

This case revolves around an intractable inheritance dispute in state court between Defendants and their sister Judy Sugar, who is Plaintiff Lisa Rhein's mother. Plaintiffs are not party to the state-court litigation, but they consented to join certain settlement agreements and are bound thereby.

Before she passed away, Idelle Stern (Defendants' mother and Lisa Rhein's grandmother) transferred $350,000 to an account jointly held by Judy Sugar and Lisa Rhein. On May 6, 2014, the state court declared that transfer void and ordered the funds returned to the estate. Defendants subsequently sent Plaintiffs a letter threatening to sue for a return of those funds, and Plaintiffs filed this action for a declaration that Defendants were time-barred from bringing such a lawsuit. On November 26, 2014, the Court granted Defendants' motion to dismiss, essentially on grounds that this case was already before the state court. [DE-15.]

Inexplicably, Defendants have now re-filed their motion to dismiss, simply with a new title: as a "motion for sanctions." The motion makes no attempt to justify sanctions—it simply drops the legal standard for sanctions into an almost-word-for-word copy-paste from the motion to dismiss. (*Compare* Defendants' motion for

sanctions [DE-17] *with* Defendants' motion to dismiss [DE-6].) Counsel did not even update the motion to indicate that the Court had already dismissed the case—in fact, the motion still asks for the Complaint to be dismissed.

At the November 25, 2014 hearing, the lawyers were reminded that they have a duty to do more than simply translate their clients' worst instincts into legalese. Particularly in the context of a family dispute, lawyers need first and foremost to be both officers of the court and *counselors* to their clients, not just advocates. In both capacities they are responsible for keeping litigation focused on resolving and avoiding conflict within the spirit of Rule 1. While it is clear that there is no love lost between the parties, a sanctions motion that does not even attempt to justify sanctions does not facilitate the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

For the reasons stated in the Order Granting Motion to Dismiss [DE-15], the Court will not entertain any further filings in this matter. Therefore it is

ORDERED that

Defendants' "Motion for Sanctions" [DE-17] is DENIED.

DONE AND ORDERED in Miami, Florida, this __10__ day of December, 2014.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE